# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CRISANDRA F. MONTGOMERY, ) Case No. EDCV 08-3368-JTL
)
Plaintiff, ) MEMORANDUM OPINION AND ORDER
)
v. )
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
)
Defendant. )
)

**PROCEEDINGS**

On June 3, 2008, Crisandra F. Montgomery ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Supplemental Security Income benefits. On July 8, 2008, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On August 4, 2008, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on December 9, 2008, defendant filed an Answer to the Complaint. On February 16, 2009, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

## BACKGROUND

On January 12, 2004, plaintiff filed an application for Supplemental Security Income benefits alleging a disability onset date of April 1, 2003. (Administrative Record ["AR"] at 88-91). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 43; see AR at 26). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 48).

On October 17, 2005, the ALJ conducted a hearing in Pasadena, California. (See AR at 544-96). Plaintiff appeared at the hearing with counsel and testified. (AR at 547-90). Elizabeth Ramos-Brown, Ph.D., a vocational expert, also testified at the hearing. (AR at 590-94). On July 11, 2006, the ALJ conducted a supplemental hearing in Pasadena, California. (AR at 597-623). Plaintiff appeared at the hearing with counsel and testified. (AR at 600-15, 621-22). Gail L. Maron, a vocational expert, also appeared and testified at the hearing. (AR at 616-20).

On August 25, 2006, the ALJ issued his decision denying benefits to plaintiff. (AR at 26-34). The ALJ determined that plaintiff had the following severe impairments: degenerative disc disease of the cervical spine with chronic cervical radiculopathy; minimal degenerative arthritis, lumbar spine; and right shoulder impingement with partial right shoulder cuff tear. (AR at 28-29). The ALJ found that plaintiff's conditions did not meet or equal any of the impairments contained in the Listing of Impairments (see 20 C.F.R. Part 404, Subpart P, Appendix 1). (AR at 29). The ALJ determined that plaintiff retained the residual functional capacity to perform a range of light work[1] including her past relevant work as a telemarketer and psychic reader. (AR at 29-33). Thus, the ALJ concluded that plaintiff was not disabled through the date of the decision. (AR at 34). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 7-10).

Thereafter, plaintiff appealed to the United States District Court.

---

[1] Specifically, the ALJ found that plaintiff could perform light exertional level work with occasional reaching with the upper extremity and was precluded from over-shoulder work with the right upper extremity and restricted to only occasional postural limitations, occasional pushing and/or pulling with the upper and lower extremities, and frequent fine and gross hand manipulation. (AR at 29).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1. The ALJ failed to properly consider the functional limitations assessed by plaintiff's treating physician.

2. The ALJ failed to properly consider the effect of plaintiff's obesity on her other impairments.

3. The ALJ erred in his evaluation of plaintiff's credibility.

4. The ALJ failed to properly consider the physical and mental demands of plaintiff's past relevant work as a telemarketer and psychic reader.

5. The ALJ failed to properly evaluate plaintiff's obesity, functional limitations, and pain when determining her residual functional capacity.

6. The ALJ failed to pose a complete hypothetical to the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

///

///

///

**DISCUSSION**

**A. The Sequential Evaluation**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

///

**B. Step Four: Plaintiff's Past Relevant Work**

Plaintiff contends that the ALJ erred at step four of the sequential evaluation and improperly determined that plaintiff could return to her past relevant work as a telemarketer and a psychic reader. (Joint Stipulation at 15-17). Plaintiff also argues that the ALJ failed to make the required findings of fact to support his conclusion that plaintiff retained the residual functional capacity to perform the duties required of a telemarketer and psychic reader.

At step four of the sequential evaluation, plaintiff must establish that her severe impairment or impairments prevent her from doing her past relevant work. Pinto, 249 F.3d at 844; 20 C.F.R. § 416.920(f) ("If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled."). Although plaintiff has the burden of showing she can no longer perform her past relevant work, Clem v. Sullivan, 894 F.2d 328, 331-32 (9th Cir. 1990), the ALJ still has a duty to make the requisite factual findings to support his conclusion. Pinto, 249 F.3d at 844

Here, the ALJ found that plaintiff had the severe impairments of degenerative disc disease of the cervical spine with chronic radiculopathy; minimal degenerative arthritis, lumbar spine; and right shoulder impingement with partial right shoulder cuff tear. (AR at 28-29). With regard to plaintiff's residual functional capacity, the ALJ determined only that plaintiff could perform light exertional level work and was limited to only occasional reaching with the upper extremity, no over-shoulder work with the right upper extremity, occasional postural limitations, occasional pushing and/or pulling with the upper and lower extremities, and no more than frequent fine and gross hand manipulation. (AR at 29). The ALJ then concluded that the requirements of plaintiff's past relevant work as a telemarketer and as a psychic reader were not precluded by plaintiff's residual functional capacity. (AR at 33).

In order to determine whether a claimant has the residual functional capacity to perform her past relevant work, the ALJ must evaluate the work demands of the past relevant work and compare them to the claimant's present capacity. 20 C.F.R. § 416.920(e); Villa v. Heckler, 797

F.2d 794, 797-98 (9th Cir. 1986). Social Security Ruling ("SSR")[2] 82-62 states that a determination that a claimant has the capacity to perform a past relevant job must contain among the findings the following specific findings of fact: (1) a finding of fact as to the claimant's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job or occupation; and (3) a finding of fact that the claimant's residual functional capacity permits her to return to the past job or occupation. SSR 82-62, 1982 WL 31386, at *4; Pinto, 249 F.3d at 845. ("This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work."). The ALJ has satisfied the first requirement in that he made sufficiently specific findings of fact regarding plaintiff's residual functional capacity. The ALJ, however, failed to make the required findings of fact regarding the demands of plaintiff's past work as a both a telemarketer and psychic reader, and whether plaintiff's residual functional capacity permits her to return to her past work as a telemarketer or psychic reader. See SSR 82-62, 1982 WL 31386, at *4.

In support of his conclusion that plaintiff is capable of performing her past work as a telemarketer and psychic reader, the ALJ summarized the vocational expert testimony classifying plaintiff's past relevant work experience pursuant to the Dictionary of Occupational Titles ("DOT"). (AR at 33). The ALJ noted that at the October 15, 2005 hearing, the vocational expert classified plaintiff's past relevant work as a telemarketer (Telephone Solicitor, DOT No. 299.357-014, available at 1991 WL 672624), sedentary[3] and semi-skilled with a Specific

---

[2] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

[3] The DOT assigns each occupation that it chronicles a Physical Demands Strength Rating which reflects the estimated overall strength requirement of the job which are considered to be important for average, successful work performance. The DOT defines sedentary work as follows:

> Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3

Vocational Preparation ("SVP")[4] of three, and that at the July 11, 2006 hearing, the vocational expert classified plaintiff's previous work as a psychic reader (DOT No. 159.647-018, available at 1991 WL 647244), sedentary and semi-skilled work with an SVP of three.[5] (AR at 33). The ALJ noted that "[b]oth vocational experts agreed with that a hypothetical individual with [plaintiff's] vocational profile and residual functional capacity would be able to perform her past relevant work as an astrologer or psychic reader and as a telemarketer[,]" and concluded that plaintiff retained the residual functional capacity to perform her past relevant work as an astrologer or psychic reader and as a telemarketer:

> In comparing [plaintiff's] residual functional capacity with the physical and mental demands of this work, I find that [plaintiff] is able to perform her past relevant work as an astrologer or psychic reader and as a telemarketer, as actually and generally performed.

(AR at 33-34).

///

---

> to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work invoves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occsasionally and all other sedentary criteria are met.

Dictionary of Occupational Titles, Appendix C; see also 1991 WL 672624, 1991 WL 647244.

[4] SVP is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. A level three SVP indicates that over one month, up to and including three months, is the amount of time necessary for a typical worker to become accustomed to the special conditions of the new job. Dictionary of Occupational Titles, Appendix C; see also 1991 WL 672624; 1991 WL 647244.

[5] The ALJ also noted that, at the October 15, 2005 hearing, the vocational expert testified that plaintiff also had past relevant work that was classified as a Stocker (DOT No. 922.687-058), Fitting Room Attendant (DOT No. 299.677-010), and incorrectly classified one of plaintiff's prior positions as an Astrologer (DOT No. 159.207-010). (AR at 33; see AR at 590-91). The ALJ noted that at the July 11, 2006 hearing, a vocational expert testified that instead of an astrologer, the correct classification is psychic reader. (AR at 33; see AR at 616-17).

The ALJ's conclusory statements fail to satisfy the demands of SSR 82-62. See Nimick v. Sec'y, 887 F.2d 864, 867 (8th Cir. 1989) (remanding case for failure to comply with SSR 82-62 and stating, "The ALJ's discussion of the demands made of a machine operator lacks the specificity and full development and explanation the Social Security regulations and ruling . . . require."). The ALJ failed to address whether plaintiff's assessed limitations in her ability to reach, do over-shoulder work, push, pull and perform fine and gross hand manipulation permit her to return to her past work as either a telemarketer or psychic reader. A finding that a claimant is able to return to his past relevant work must be based on adequate documentation and a careful appraisal. Dealmeida v. Bowen, 699 F. Supp. 806, 807 (N.D. Cal. 1988) ("Without the proper foundation as to what [the claimant's] past relevant work entailed, the ALJ's subsequent determination that [the claimant] retained the residual functional capacity to perform that job is not supported by substantial evidence."); see also SSR 96-8p (requiring a "function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work activities"). This determination requires a careful appraisal of the claimant's statements, the medical evidence, and, in some cases, corroborative information such as the DOT. SSR 82-62, 1982 WL 31386, at *3.

Here, the ALJ made no such assessment. The DOT states that demands of a telemarketer include exertion to frequently[6] lift, carry, push, pull or otherwise move objects; frequent fingering, and occasional[7] reaching and handling. (See DOT No. 299.357-014, available at 1991 WL 672624). The ALJ failed to clarify how plaintiff's limited capacity to reaching with the upper extremity, perform over-shoulder work, push, pull and perform fine and gross hand manipulation factored into his analysis that plaintiff could perform her past work as a telephone solicitor. The ALJ also failed to clarify how plaintiff's assessed limitations factored into his analysis that plaintiff could perform her past work as a psychic reader, which, according to the DOT, requires exertion to frequently lift, carry, push, pull or otherwise move objects, as

---

[6] "Frequently" refers to an activity or condition that exists 1/3 to 2/3 of the time.

[7] "Occasionally" refers to an activity or condition that exists up to 1/3 of the time.

well as occasional reaching, handling, fingering, and feeling. (See DOT No. 159.647-018, available at 1991 WL 647244). Instead, the ALJ made very few findings and relied largely on the conclusions of the vocational experts in support of his conclusion at step four. (See AR at 33). Any determination regarding a claimant's ability to perform past work "must be developed and explained fully in the disability decision" and "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." SSR 82-62, 1982 WL 31386, at *3; see Sivilay v. Apfel, 143 F.3d 1298, 1299 (9th Cir. 1998) (remanding to ALJ to "investigate fully the demands of the applicant's past work and compare them to the applicant's residual mental and physical capabilities").

**C. Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. The ALJ failed to make specific findings of fact regarding the demands of plaintiff's previous work as a telemarketer and psychic reader, and whether plaintiff retained the residual functional capacity to meet those demands. On remand, the ALJ must make the findings of fact required by SSR 82-62 to determine whether plaintiff can return to her past relevant work. If the ALJ determines plaintiff cannot perform her past relevant work, the ALJ must proceed to the fifth step of the sequential evaluation and determine whether plaintiff's impairments prevent her from performing any other substantially gainful activity.[8]

---

[8] In the Joint Stipulation, plaintiff also contends that the ALJ failed to properly consider the functional limitations assessed by plaintiff's treating physician; the effect of plaintiff's obesity on her other impairments, and erred in his evaluation of plaintiff's credibility, consideration of plaintiff's obesity, functional limitations, and pain when determining her residual functional capacity, and failed to pose a complete hypothetical to the vocational expert. As explained above, however, the ALJ's failure to make sufficient findings at Step Four of the sequential evaluation constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand,

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 13, 2009

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.